**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JONATHAN LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:09-cv-278-WTL-TAB |
| | ) | |
| OFC. HUFFMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion to Amend Complaint and
Order Directing Dismissal of Action**

The plaintiff's motion to file an amended complaint (dkt 10) is **granted.** The **clerk is directed** to detach the proposed amended complaint (dkt 10, exhibit 1) and file and docket it as the amended complaint.

For the reasons explained in this Entry, the action must be dismissed.

**Discussion**

Plaintiff Jonathan P. Lynch ("Lynch") is an inmate at the Putnamville Correctional Facility in Greencastle, Indiana ("PCF"). Lynch asserts claims against PCF employees pursuant to both 42 U.S.C. § 1983 and Indiana law. The court's subject matter jurisdiction over any federal claim exists through 28 U.S.C. § 1331 and § 1343(3), whereas jurisdiction over claims under Indiana state law exists, if at all, pursuant to 28 U.S.C. § 1367(c).

Lynch's amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). Additionally, although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994); *Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996)("if a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court.'") (*quoting Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)).

"Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994); see *Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005)("[C]onstitutional claims must be addressed under the most applicable provision.").

Applying the foregoing standards to the amended complaint, and to the federal claim(s) initially, it is evident that the amended complaint fails to state a claim upon which relief can be granted.

Lynch alleges that he was housed in the administrative segregation unit between December 22, 2008, and February 22, 2009. During that time, he requested to see a chaplain or "religious figure", but a chaplain never visited him. This allegation invokes the protection of the free exercise clause of the First Amendment. However, as alleged, this is not a claim upon which relief can be granted.

"An inmate retains the right to exercise his religious beliefs in prison." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). To prove a violation of the First Amendment, the plaintiff must show a "substantial burden" on a "central religious belief or practice." *Hernandez v. Comm'n of Internal Revenue*, 490 U.S. 680, 699 (1989). If the plaintiff makes this showing, the defendant must demonstrate that the infringement on the plaintiff's religion was "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S.78, 89(1987). Lynch's allegations do not connect his need to see a chaplain with the exercise of his religious faith. The plaintiff does not allege that his inability to see a chaplain for two months imposed a substantial burden on a central religious belief or practice. The fact that the plaintiff may have preferred to have a chaplain to talk to or worship with is not sufficient to state a First Amendment claim.

Further, Lynch's claims for injunctive relief must be **dismissed** as moot because he is no longer incarcerated in administrative segregation. *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("In an action seeking only injunctive relief . . . once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot. If, however, a plaintiff also seeks monetary damages, his case is not moot even if the underlying misconduct that caused the injury has ceased.") (citations omitted); see also *Arreola v. Godinez*, 546 F.3d 788, 799 (7th Cir. 2008).

Lynch has failed to state a viable claim for relief pursuant to 42 U.S.C. § 1983. There is also no allegation which would support the exercise of the court's diversity jurisdiction as to any claim under Indiana state law, and a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)); see also *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006). Because the federal claim is patently frivolous, Lynch may not rely on the court's supplemental jurisdiction to entertain his state-law claims.

See 42 U.S.C. § 1367(c)(3); *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.,* 471 F.3d 754,757-58 (7th Cir. 2006).

The complaint fails to state a claim upon which relief granted. Dismissal of the action pursuant to 28 U.S.C. § 1915A is now mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/17/2009

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana